**VILLA PIANO CORP., et al., Plaintiffs,**

v.

**CREST AUDIO, INC., et al., Defendants.**

**No. Civ. 97–2890 RLA.**

United States District Court,
D. Puerto Rico.

Aug. 19, 1998.

Myriam E. Matos Bermúdez, Hato Rey, PR, for plaintiffs.

Edgar Cartagena Santiago, Mildred Cabán, Goldman, Antonetti & Cordova, San Juan, PR, for defendants.

### ORDER DISMISSING THE COMPLAINT FOR LACK OF IN PERSONAM JURISDICTION

ACOSTA, District Judge.

This is an action for breach of contract based on the sale of 366 allegedly defective

amplifiers. The complaint was filed by VILLA PIANO, CORP. ("VILLA PIANO") and its owner, DANIEL VILLA. The only remaining defendant is CREST AUDIO, INC. ("CREST AUDIO") the manufacturer of the products.[1]

CREST AUDIO has objected to this court's in personam jurisdiction.

## IN PERSONAM JURISDICTION

■ *In personam* jurisdiction is the power a court has over a defendant. *Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 143 (1st Cir.1995); *Pritzker v. Yari,* 42 F.3d 53, 59 (1st Cir.1994).

■ Once contested, plaintiff bears the burden of proving sufficient facts in support of personal jurisdiction in the forum state. *Mass. Sch. of Law v. Am. Bar,* 142 F.3d 26, 43 (1st Cir.1998); *Sawtelle v. Farrell,* 70 F.3d 1381, 1387 (1st Cir.1995); *Foster–Miller, Inc.,* 46 F.3d at 145; *Dalmau Rodriguez v. Hughes Aircraft Co.* 781 F.2d 9, 10 (1st cir.1986).

■ In actions based on diversity jurisdiction the court will first examine the state's long arm statutory provisions and whether or not its application comports with constitutional requirements. *Rodriguez v. Fullerton Tires Corp.,* 115 F.3d 81, 84 (1st Cir.1997); *Pritzker v. Yari,* 42 F.3d at 60; *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 204 (1st Cir.1994); *United Elec. Workers and Mach. Workers of America v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1086 (1st Cir. 1992).

■ The Puerto Rico long arm statute applies to those defendants who have conducted business transactions within the forum. P.R.Laws Ann. tit 32, app. III, R. 4.7(a)(1) (1983).[2] This provision has been construed as extending personal jurisdiction to its maximum constitutional potential. *See*

---

1. The claims asserted against JOHN LEE, as proprietor, were dismissed on June 4, 1998 for failure to timely serve defendant with process (docket No. 13). Reconsideration was also denied on August 4, 1998 (docket No. 26).

2. Rule 4.7, in pertinent part reads:

*Pritzker v. Yari,* 42 F.3d at 60 and cases cited therein.

■ *In personam* jurisdiction may be "general" or "specific" depending on the nature of the conduct giving rise to the litigation. General jurisdiction operates in actions where the claims asserted did not derive from defendant's activities within the forum state. Specific personal jurisdiction, on the other hand, pertains to situations where the suit relates to or arises from the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Mass. Sch. of Law,* 142 F.3d at 34; *Noonan v. Winston Co.,* 135 F.3d 85, 89 (1st Cir.1998); *Foster–Miller, Inc.,* 46 F.3d at 144; *Pritzker v. Yari,* 42 F.3d at 59.

> General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*United Elec. Workers v. 163 Pleasant Street Corp.,* 960 F.2d at 1088.

■ General jurisdiction presupposes the existence of at least some contacts with the forum. Once this initial determination is made, the court will then proceed to weigh these activities to determine their sufficiency for constitutional purposes or whether the "contacts were too fragmentary to satisfy the constitutional standard for the exercise of general jurisdiction." *Sandstrom v. ChemLawn Corp.,* 904 F.2d 83, 89 (1st Cir.1990).

> In the area of general jurisdiction, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."

*Sandstrom,* 904 F.2d at 90 (citing *Burger King. Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)).

Foremost, those minimum contacts have been interpreted as requiring plaintiff to

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent.

prove defendant engaged in "continuous and systematic" activity within the forum. *Pritzker*, 42 F.3d at 60. *See also Noonan*, 135 F.3d at 89.

## ARGUMENT

■ According to the allegations in the complaint, VILLA PIANO purchased the aforementioned amplifiers in February 1995 directly from CREST AUDIO and paid for them by way of three (3) checks.

However, as it appears from the documents filed in this case, the amplifiers at issue were sold by CREST AUDIO to an entity named FREEPORT TRADING CORP. ("FREEPORT") in Miami, Florida instead. Payment was made by FREEPORT with checks from its Florida bank account and not by VILLA PIANO as plaintiffs claim. Subsequently, and without any intervention on the part of defendant, the amplifiers found their way to VILLA PIANO in Puerto Rico. Thus, the transaction concerning the receipt of the amplifiers by VILLA PIANO in no way involved defendant.

Therefore, we conclude that the claims against CREST AUDIO fall within the "general" category inasmuch as plaintiffs' cause of action is premised on a defective product sold by a New Jersey corporation to a Florida corporation, paid for by a Florida corporation with a check from a Florida bank and delivered to the purchaser's address in Miami, Florida. The breach of contract claim asserted in these proceedings is not based on any conduct by CREST AUDIO within this forum. On the contrary, it is premised on alleged defects of a product manufactured, sold, paid for and delivered outside this jurisdiction.[3]

The evidence submitted by defendant which has not been contested by plaintiffs[4] establishes that CREST AUDIO has never had any officers or other business facilities in Puerto Rico, nor any address or telephone listing. It has never owned, leased or had interest in real or personal property within this jurisdiction. Nor has it ever maintained any local bank, savings and/or loan accounts or made investments here. It has never applied or obtained loan or other credit facilities within the Commonwealth of Puerto Rico. CREST AUDIO has no subsidiaries, affiliates or parent companies in this forum. Defendant does not hold licenses of any kind issued by or for Puerto Rico and has never maintained any employees here.

The evidence in the record merely shows that defendant's only contacts with this jurisdiction since 1995 have been sporadic yearly sales to two entities in Puerto Rico—three in one year—comprising minimal transactions involving amounts ranging approximately from $28,000.00 to $40,000.00.[5] These limited and fragmentary sales cannot be regarded as continuous and pervasive.

At the Status Conference held on August 14, 1998 scheduled for the parties to address the in personam issue, plaintiffs argued for the first time that VILLA PIANO and FREEPORT were one and the same. Apart from the fact that there is no evidence available to justify disregarding the separate corporate entities we do not see how this can be translated into defendant's contacts with this jurisdiction.

Plaintiffs also argued that FREEPORT's principal place of business was Puerto Rico and not Florida. This element is not *per se* synonymous with defendant's contacts if all activities related to the sale were carried out elsewhere and no "continuous and systematic" activities by defendant can be found in* this jurisdiction. Additionally, the evidence in this regard is sparse. The only justification available in support of this argument is the fact that a Puerto Rico address appeared printed on the FREEPORT checks and on the purchase orders. The purchase order

---

3. As a matter of fact, the contract in question was entered into with a corporation which is not a party to this action.

4. *See* Declaration of John Lee under Penalty of Perjury attached to defendant's Memorandum of Law ... filed on June 22, 1998 (docket No. **17**).

5. These constitute the following percentages of defendants' total worldwide sales for those years:

   1995—0.17422%
   1996—0.13300%
   1997—0.07191%

forms, however, also had a Florida address.[6] Furthermore, the invoices for the allegedly defective merchandise were sent to FREE-PORT at its Miami address; there is correspondence to both DANIEL VILLA and PABLO HERNANDEZ at a fax number in Florida; payment was effected with FREE-PORT checks at a Florida bank account.

As reflected by the court's Minutes of the August 14, 1998 Status Conference, plaintiffs' proffer to justify hailing defendant to this jurisdiction including the alleged financing of FREEPORT by VILLA PIANO was limited to *ex parte* conduct on the part of DANIEL VILLA which cannot be attributed to defendant.[7]

Lastly, we reject plaintiffs' argument that jurisdiction is proper because defendant should have expected the products to reach this location and/or should have been aware its defective products would have an effect in this forum.

For personal jurisdiction purposes, the emphasis is not advance notice of the "final destination" of a product, but rather,

> [W]hether the manufacturer has purposefully engaged in forum activities so it can reasonably expect to be haled into court there, and, even then, the minimum requirements of "fair play and substantial justice" may defeat jurisdiction.

*Dalmau*, 781 F.2d at 15. *See also Rodriguez v. Fullerton*, 115 F.3d at 81 (knowledge that stream of commerce would lead product to a forum not tantamount to "purposeful availment" required for minimum contacts).

Neither have plaintiffs presented evidence to establish that defendant intentionally directed specific actions to this forum calculated to cause injury in this jurisdiction. *See Noonan*, 135 F.3d at 90.

Based on the foregoing, we find that plaintiffs have failed to carry their burden of presenting sufficient evidence to establish that CREST AUDIO had the requisite "minimum contacts" with this forum.

Accordingly, CREST AUDIO's Motion to Dismiss ... filed on June 2, 1998 (docket No. 12) and Memorandum of Law ... filed on June 22, 1998 (docket No. 17) are hereby **GRANTED** and the claims asserted against it are **DISMISSED FOR LACK OF IN PERSONAM JURISDICTION.**[8]

It is further ORDERED that plaintiffs' request to amend the complaint made at the Status Conference is **DENIED.** The court finds that given the facts as developed in the record in this case it would be futile to allow it.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

6. For some yet unexplained reason both the Puerto Rico and Florida addresses submitted by defendant had these addresses crossed out.

7. Based on this same reasoning, the Motion Requesting Leave to File Brief Sur–Reply filed on July 30, 1998 (docket No. **25**) is **DENIED.**

8. *See* Plaintiffs' Opposition ... filed on July 8, 1998 (docket No. **20**); plaintiffs' Motion Submitting Additional Documentation ... filed on July 16, 1998 (docket No. **22**) and defendant's Reply ... filed on July 24, 1998 (docket No. **24**).